SIMON AGENCY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2318, 11378.   Promulgated March 9, 1927.

*H. P. Munns, Esq.,* and *J. G. Weisbach, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the respondent.

This proceeding involves deficiencies of $780.29 and $1,262.60 for 1918 and 1919, respectively, arising from the Commissioner's refusal to grant the petitioner personal service classification.

### FINDINGS OF FACT.

The petitioner during 1918 and 1919 was an Illinois corporation with its principal office in Chicago, conducting a theatrical agency. Its capital stock was $2,500. John Simon, Irvin Simon and Burt W. Cortelyou were the sole stockholders, each owning one-third of the stock. These three men were regularly and actively engaged in the business. Each drew a salary of $75 a week during 1918 and $100 a week during 1919 when the earnings of the business justified it, and less at other times. The petitioner had two booking agents, two stenographers, a telephone operator, and an office boy. The only physical property owned by the petitioner was its office equipment, upon which it paid a personal property tax of about $11 a year. It owned a $500 Swift & Company bond which it put up as collateral securing the payment of rent on its offices. This bond was later absorbed by the rent which was applied against it during the last six months of the lease.

Petitioner arranged engagements or "bookings" for actors. For this service it received from the actors 5 per cent of the salaries received under the contracts negotiated for them by the petitioner. If any actor or actors were referred to the petitioner by a New York booking office it was necessary to divide the commission with that office. This was the petitioner's only source of income.

Petitioner often advanced money to actors to pay traveling expenses and hotel bills, taking an I O U as evidence of the indebtedness. The amounts loaned varied. Sometimes it was more than $100, sometimes less. No interest was charged on these loans. The petitioner was called upon to advance money for traveling expenses ten or eleven times a week.

The theatrical season lasts about thirty-five to forty weeks each year and the petitioner received commissions from about one hundred acts throughout the theatrical season.

There were some transactions in the purchase and sale of stocks, as to which petitioner claimed losses. Its books of account are lost.

### OPINION.

STERNHAGEN: The evidence is not sufficiently clear to establish that capital was not a material income-producing factor. Apparently one of the features of the business was the financing of actors. That loans were regularly made is clear, although it does not appear how much they amounted to or how they were related to income. It can not be inferred whether the business could be carried on or the income earned without any capital, or more specifically whether in fact it was. There were transactions in stocks as to which the evidence is not clear.

A claim for personal service classification with its special method of tax must be clearly proven and can not be loosely granted. The uncertainties in the present record defeat the petitioner's claim, and we therefore sustain the Commissioner.

*Judgment will be entered for the respondent.*